UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JODENE WATT,<br><br>    Defendant. | No. 2:13-cr-336-GEB<br><br><br>**ORDER** |

On June 22, 2018, Defendant Jodene Watt filed on the public docket a "Notice to Seal Document" and identified the document to be sealed as "Defendant's Sentencing Memorandum." ECF No. 94 (emphasis omitted). Further, on June 22, 2018, Defendant emailed chambers for in camera consideration her request to seal the following three documents: her sentencing memorandum, a proposed order, and a request to seal. Defendant's sealing request appears premised on the notion stated in her sentencing memorandum that the judge must evaluate sentencing factors in the exact manner in which she opines they should be considered and decided. However, the judge, not a party, decides the order in which sentencing factors are to be considered and decided. See generally, United States v. Mohamed, 459 F.3d 979, 987 (9th Cir. 2006)(indicating that federal judges decide how to

exercise sentencing discretion "under the now-advisory guidelines").

Defendant argues in her sentencing request that she should be authorized to argue downward variance factors under 18 U.S.C. § 3553(a) in a sealed sentencing memorandum. However, she has not provided sufficient reason to justify authorizing her to argue the referenced variance factors in secrecy, and fails to discuss the fundamental principles that "what happens in the federal courts is presumptively open to public scrutiny[; and that judicial decisions are typically made] after public arguments based on public records." Hicklin Engineering, L.C. v. Bartell 439 F.3d 346, 348 (7th Cir. 2006). "Public . . . judicial proceedings are rooted in the principle that justice cannot survive behind walls of silence" and secrecy. United States v. Ochoa-Vasquez, 428 F.3d 1015, 1029 (11th Cir. 2005) (citation and internal quotation marks omitted). Even where certain secrecy is appropriate, a "guiding principle . . . is that as much information as possible should remain accessible to the public and no more should be sealed than absolutely necessary." Lahrichi v. Lumera Corp., No. C04-2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22, 2007). "[T]he First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012). "Relatedly, courts of appeals have also recognized a First Amendment right of access to documents [submitted] for use in sentencing proceedings." In re Hearst Newspapers, L.L.C., 641 F.3d 168, 176 (5th Cir. 2011); accord United States v. Alcantara, 396 F.3d 189, 197 (2nd Cir. 2005) ("[C]ircuits have held that the public and press have a

2

right of access to various documents filed in connection with sentencing proceedings.").

"Public access to sentencing memoranda is consonant with the values animating the common law right. Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system. The presence of such oversight serves several values when a court is called upon to exercise its discretion to impose a criminal sentence." United States v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013) (ellipses omitted) (internal quotation marks and citations omitted).

For the stated reasons, Defendant's sealing request is overbroad and is denied. Therefore, the documents Defendant emailed to chambers are deemed returned to her so that she can decide what to do in light of this ruling. See E.D. Cal. R. 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (remarking that after denying a sealing request a judge may "return[] [the documents] to the submitting party," who may then decide how to proceed).

Dated: June 27, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge